UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN MUNICIPAL RISK
MANAGEMENT AUTHORITY,                            Case No. 07-15136

      Plaintiff,                                   Honorable Nancy G. Edmunds

v.

STATE FARM FIRE AND CASUALTY
COMPANY,

      Defendant.
                                     /

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [48]**

This insurance dispute comes before the Court upon Defendant's motion for reconsideration of the Court's June 5, 2008 Opinion and Order denying Defendant's motion for summary judgment and granting in part Plaintiff's cross-motion for summary judgment [45]. This Court has already denied Defendant's motion as to arguments II through V. It now denies Defendant's remaining argument.

Defendant's motion misconstrues this Court's June 5, 2008 Order. That Order did not find that Defendant breached its duty to defend because a claim could have been brought for libel, slander or defamation. (Def.'s Mot. at 5.) Rather, this Court held that, because the underlying complaint alleged "personal injury" caused by the "offense" of defamation, it is an arguably covered "loss" under the express language in Defendant's Umbrella Policy, Policy Endorsement FE-7786. (6/5/08 Opin. & Order at 15-19.) Endorsement FE-7786 to Ms. Law's umbrella policy adds certain definitions and replaces those for "loss" and "personal injury." "Loss" is defined as "the commission of an offense, or series of similar

or related offenses, which result in **personal injury** during the policy period." (Pl.'s Ex. C, Umbrella Policy, Policy Endorsement FE-7786, ¶ 6.b.) "Personal injury" is defined as "injury caused by one or more of the following offenses: . . . "libel, slander, defamation of character or invasion of rights of privacy." (*Id.* at ¶ 9.b.) After examining the underlying complaint, this Court determined that it described conduct that fits within Endorsement FE-7786's definition of "personal injury;" i.e., injury caused by the offense of defamation. (6/5/08 Opin. & Order at 17-18.) As stated in the June 5, 2008 opinion, although the underlying claim was for intentional interference with a business relationship or expectancy, the underlying complaint alleged that the tortious interference with Ms. Horton's business relationship was caused by Ms. Law's false and defamatory statements. Michigan law recognizes that "[t]ortious interference with business relations may be caused by defamatory statements." *Lakeshore Comm. Hosp., Inc. v. Perry*, 538 N.W.2d 24, 27 (Mich. Ct. App. 1995) (citing cases). *Accord, Alticor, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, No. 2:03-CV-350, 2006 WL 374174, at **8-13 (W.D. Mich. Feb. 17, 2006). Thus, Defendant's arguments in its motion for reconsideration about the statute of limitation as to claims for libel/slander/defamation are without merit.

Defendant further argues that, because the underlying claim of intentional interference with a business relationship or expectancy is an intentional tort, it is excluded under its policies. As the Court stated in its June 5, 2008 Opinion and Order, Endorsement FE-7786 also replaced certain exclusions in Ms. Law's umbrella policy and added another. (6/5/08 Opin. & Order at 19-24.) There is no exclusion for **personal injuries** caused by "intentional torts." Rather, Endorsement FE-7786 added an exclusion "for **personal injury** when you

act with specific intent to cause harm or injury." (Pl.'s Ex. C, Umbrella Policy, Policy Endorsement FE-7786, ¶ 16.) As set out in great detail by the Court, despite this "specific intent to cause harm or injury" exclusion for personal injuries, coverage was possible at the time Defendant withdrew its defense. Neither party in the underlying state action was arguing that Ms. Law acted with specific intent to cause Mr. Horton's "personal injuries" as defined in Ms. Law's umbrella insurance policy endorsement. (6/5/08 Opin. & Order at 21-24.)

For the above-stated reasons, Defendant's motion for reconsideration is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: July 14, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 14, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager